IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SHERRI PURVIS, for individually and as next friend and natural guardian JAMES C. PURVIS, | : : : : |
| Plaintiff, | : : |
| v. | : Case No. 7:11-cv-111 (HL) |
| BLITZ, U.S.A., INC., WAL-MART STORES, INC., WAL-MART STORES EAST, L.P., and WAL-MART STORES EAST, INC., | : : : : : |
| Defendants. | : |

**ORDER**

Currently pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 24). After reconsidering the evidence and the supplemental authority submitted to the Court in this case, the Motion for Reconsideration is granted and the stay as to Defendant Wal-Mart is lifted.

I.   **Background**

Plaintiff Sherri Purvis filed this lawsuit on July 6, 2011 in the State Court of Berrien County, Georgia, after her minor son, James C. Purvis, suffered severe burns when a gas can manufactured by Blitz U.S.A., Inc. ("Blitz") exploded. Plaintiff alleges that the gas can was defective and unsafe for its intended purpose. In addition to naming Blitz as a Defendant, Plaintiff has also named Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and Wal-Mart Stores East, Inc.

(collectively, "Wal-Mart"), the distributors of the gas can, as Defendants. The case was removed to federal court on August 19, 2011.

On November 9, 2011, Blitz filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. In accordance with 11 U.S.C. § 362(a), the case was automatically stayed as to debtor Defendant Blitz. Now, Wal-Mart has petitioned this Court to issue a discretionary stay as to Wal-Mart while Blitz undergoes bankruptcy proceedings.

## II. Discussion

When a named defendant files for bankruptcy, 11 U.S.C. § 362(a) provides for an automatic stay of the case as to that debtor defendant. However, the protections of § 362 do not automatically apply to co-defendants. Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 545 (5th Cir. 1983). Thus, a party seeking to stay a case as to a non-debtor defendant must appeal to the court's discretionary power to stay proceedings in the interest of justice. Id.

There are two reasons that courts typically find that justice requires a stay as to a non-debtor defendant. Matter of Fernstrom Storage and Van Co., 938 F.2d 731, 736 (7th Cir. 1991). First, courts typically allow a stay when the debtor defendant and non-debtor defendant share such a close identity that a judgment against the non-debtor defendant would essentially be a judgment against the debtor defendant. Id. (citing A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986)). Second, courts recognize that a stay may be appropriate when pending litigation would cause irreparable harm to the debtor, bankruptcy estate,

or the reorganization plan, even though the debtor is not named as a defendant. Id. (citing In re Lomas Fin., 117 B.R. 64, 67 (S.D.N.Y. 1990), *remanded*, 932 F.2d 147 (2d Cir. 1991)).

If neither of the two aforementioned exceptions applies, the party seeking the stay must demonstrate other good cause for the stay.

> The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

Landis v. North American Co., 299 U.S. 248, 254-55, 57 S. Ct. 163, 166 (1936). To qualify as a rare circumstance meriting a stay, the non-debtor defendant must demonstrate "something more than the mere fact that one of the parties to the lawsuit has filed a Chapter 11 bankruptcy." In re Colonial BancGroup, Inc. Secs. Litig., 2010 WL 119290 at *1 (M.D. Ala. Jan. 7, 2010).

In this case, Wal-Mart argues that the first exception applies and a stay is appropriate because there is a contractual indemnification clause between Blitz and Wal-Mart that demonstrates a close identity meriting a stay as to both defendants. Courts have held that absolute indemnity can justify a stay. *See* Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co., Inc., 2009 WL 2413664 at *2 (S.D. Ala. Aug. 3, 2009); In re Stewart, 329 B.R. 910, 915 (Bankr. M.D. Ga. 2005) (determining that a stay would be appropriate as to a non-debtor defendant where a third party is entitled to indemnity from debtor for any

3

judgment entered against him); N.L.R.B. v. McDermott, 300 B.R. 40, 43 n.7 (D. Colo. 2003) ("The automatic stay may apply to a non-debtor in special circumstances, such as where there is identity of interest between a debtor and a third party so that a judgment against a non-debtor would be binding on a debtor."). However, the mere existence of an indemnity clause alone has never been deemed sufficient to justify staying the case as to a non-debtor defendant. In this case, there is no absolute indemnity and the indemnity clause between Wal-Mart and Blitz is insufficient to demonstrate a "close identity" to qualify for a stay as to both defendants.

Wal-Mart also argues that this case constitutes one of the rare circumstances that justify the court using its broad discretionary powers to order a stay. However, the Court does not find that this case demonstrates the unusual circumstances that warrant a discretionary stay. In a strikingly similar case,[1] the District Court for the Central District of Illinois found that the indemnification clause executed between Wal-Mart and Blitz did not constitute an unusual circumstance that would support a stay as to both defendants. See Shickel v. Blitz U.S.A., 3:11-cv-03380-JBM/JAG (C.D. Ill. Feb. 21, 2011). In that case, the court acknowledged Bankruptcy Judge Peter J. Walsh's denial of Wal-Mart's request for a stay, despite Wal-Mart's argument that it would suffer hardship if the case was allowed to proceed against it while Blitz was in bankruptcy. The

---

[1] As of February 2012, there were thirty-six cases in twenty-seven different courts pending against Blitz, all alleging injuries sustained as a result of an exploding gas can.

Illinois district court determined that Judge Walsh "found no basis in bankruptcy law for encompassing Wal-Mart within the automatic stay," and therefore, the district court adopted the finding of the bankruptcy judge finding no unusual circumstances meriting a stay. In a similar fashion, this Court finds a lack of unusual circumstances that justify the need for a stay as to Wal-Mart.

Wal-Mart argues that without a stay, it will suffer severe hardship and judicial resources will be wasted. However, this argument must fail. If anyone stands to suffer in this case, it would be the Plaintiff if this case were delayed indefinitely as Blitz progressed through its bankruptcy proceedings. The Plaintiff's allegations deserve to be addressed in a timely fashion, and staying the case would only delay Plaintiff's opportunity for potential recovery. Further, denying a stay in this case would not be a waste of judicial resources. The Plaintiff's case against Wal-Mart can proceed and Blitz can rejoin the suit when its bankruptcy proceedings are complete.

In sum, the protections of § 362 do not require a stay as to Wal-Mart in this case, and there are no other compelling considerations that persuade this Court to extend a stay to Wal-Mart. Therefore, Plaintiff's Motion for Reconsideration is granted and the stay in this case is lifted as to Defendant Wal-Mart. The stay against Blitz will remain in place while Blitz proceeds through the bankruptcy process. The deadlines for the case against Wal-Mart shall be extended by a period of four weeks, which was the amount of time that has elapsed since the stay was issued as to Wal-Mart. Thus, the amended deadlines are as follows:

Plaintiff must disclose the identity of any expert witnesses on or before **April 13, 2012.**

Defendants must disclose the identity of any expert witnesses on or before **May 14, 2012.**

Any supplemental expert reports must be provided by **June 13, 2012.**

The time for discovery in this case shall expire on **September 13, 2012.**

All motions to join other parties or otherwise amend the pleadings shall be filed on or before **October 15, 2012.**

All Daubert motions shall be filed on or before **October 15, 2012.**

All dispositive motions shall be filed on or before **October 31, 2012.**

**SO ORDERED,** this 28th day of February, 2012.

*s/Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr